UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------

JERRY FRITH,

                              Petitioner,          REPORT AND
                                                               RECOMMENDATION

            - against -

                                                                04 Civ. 1519 (JSR) (RLE)

UNITED STATES OF AMERICA,

                              Respondent.

------------------------------------------------------

**To the HONORABLE JED S. RAKOFF, U.S.D.J.:**

## I. INTRODUCTION

On February 23, 2004, *pro se* petitioner Jerry Frith ("Frith") filed a motion pursuant to 28 U.S.C. § 2255 ("Mot."), disputing his conviction, sentence, and guilty plea because of ineffective assistance of counsel. On February 5, 2003, Frith had been convicted of conspiracy to distribute narcotics, possession of fifty grams or more of cocaine base with intent to distribute, possession of a firearm as a convicted felon, and possession of a firearm in relation to a drug offense. Mot. ¶¶ 2, 4. He was sentenced to a total of 181 months in prison. **Id**. ¶ 3.

Respondent opposed the motion, and argued that Frith's sentencing claim was waived by his plea agreement, that his counsel was not ineffective, and that his claim was procedurally barred, or not cognizable under 28 U.S.C. § 2255, because the claims could have been brought on direct appeal. Memorandum of Law in Opposition to Jerry Frith's Motion Pursuant to 28 U.S.C. § 2255 ("Opp. Mem.") at 15-20. On September 13, 2004, Frith filed a supplemental motion, also alleging ineffective assistance of counsel. Supplemental Motion ("Supp. Mot.") ¶¶ 1, 5. On March 9, 2005, Frith filed a motion for leave to amend his habeas corpus motion, a traverse to the Government's opposition memorandum, and a second supplemental motion raising additional

claims. On August 2, 2005, the undersigned issued a Report and Recommendation ("2005 R&R") recommending that Frith's motion to amend, as well as the new claims Frith discussed in his additional submissions, be denied. On September 27, 2005, District Judge Jed S. Rakoff adopted that Report and Recommendation.

This Court now addresses the claims raised in Frith's original motion and his supplemental motion. Because the facts underlying Frith's conviction and his claims are summarized in this Court's original Report and Recommendation, familiarity with that opinion is assumed here. For the following reasons, I recommend that Frith's claims be **DENIED**.

## II. DISCUSSION

### A. Procedural Default

In his original motion, Frith claims that his counsel provided ineffective assistance of counsel. His allegations also raise issues which could, standing alone, constitute additional claims. However, claims that could have been raised on direct appeal, but were not, are barred from review under 28 U.S.C. § 2255, with the exception of claims of ineffective assistance of counsel. **DeFeo v. United States**, 153 F. Supp. 2d 453, 457 (S.D.N.Y. 2001). Therefore, Frith's additional claims are procedurally barred because he did not raise them on direct appeal. *See* Mot. ¶ 8 (indicating Frith brought no direct appeal). Furthermore, Frith has not asserted the "cause for the default and prejudice from the errors alleged, or 'actual innocence'" necessary to overcome this procedural bar. **DeFeo**, 153 F. Supp. 2d at 457 (*quoting* **Underwood v. United States**, 166 F.3d 84, 87 (2d Cir. 1999)). In any event, Frith's additional claims, had they been brought on direct appeal, have no merit.

B.  **Ineffective Assistance of Counsel Claim**

In order to establish an ineffective assistance of counsel claim, a defendant must show: (1) "that counsel's performance was [so] deficient" as to fall below "an objective standard of reasonableness;" and (2) "that counsel's errors were so serious as to deprive the defendant of a fair trial." **Strickland v. Washington**, 466 U.S. 668, 687-88 (1984). "[J]udicial scrutiny of counsel's performance must be highly deferential." **Cowan v. Artuz**, 96 F. Supp. 2d 298, 304 (S.D.N.Y. 2000) (*quoting* **Strickland**, 466 U.S. at 689)). Additionally, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." **United States v. Mocombe**, 2000 WL 488464, at *2 (S.D.N.Y. Apr. 24, 2000) (*quoting* **Strickland**, 466 U.S. at 689)). There must be a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." **Strickland**, 466 U.S. at 694; *see also* **Kieser v. New York,** 56 F.3d 16, 18 (2d Cir. 1995).

Frith's claim focuses on his plea agreement. In order to challenge a plea because of alleged ineffective assistance of counsel, Frith must show that his counsel's representation "fell below an objective standard of reasonableness" and that there is a "reasonable probability that were it not for his counsel's mistakes, he would not have entered the plea and would instead have gone to trial." **Panuccio v. Kelly**, 927 F.2d 106, 108 (2d Cir. 1991) (*quoting* **Hill v. Lockhart**, 474 U.S. 52, 59 (1985)).

1.  **Suppression Motion**

Frith claims that, although his counsel filed a motion to suppress evidence and statements taken in conjunction with his arrest, he entered his guilty plea before the suppression hearing without being advised that his right to pursue the suppression motion would be waived by the

3

plea. Mot. at 5b. In arguing that his counsel's suppression motion would have succeeded, Frith argues that the evidence against him was obtained in an illegal search of his vehicle after his arrest for disorderly conduct. **Id**.

As an initial matter, negotiating a plea agreement before a suppression motion is formally ruled upon does not fall below an objective standard of reasonableness. Courts have found counsel not to be ineffective even where no pretrial suppression motion was filed. *See, e.g.,* **Rodriguez v. United States**, 1995 WL 129173, at *3-4 (E.D.N.Y. Mar. 16, 1995); *see also* **United States v. Crymes**, 2004 WL 2472227, at *6 (D. Conn. Oct. 27, 2004) (rejecting petitioner's attempt to "relitigate the suppression motion that she expressly withdrew upon pleading guilty" by claiming ineffective assistance of counsel in § 2255 motion). In Frith's case, although no formal ruling had yet been given on the suppression motion, in a pretrial conference the Court had given an indication that it found no disputed issues of material fact and, likely, no need for a hearing. Opp. Mem., Exh. E at 14-18. It was reasonable for Frith's counsel to assess the likelihood of the Court granting his motion in light of other evidence against his client, and decide to pursue a plea which afforded Frith various benefits. Furthermore, while Frith asserts here that he did not know he was waiving his rights to litigate the suppression hearing, the record demonstrates that he knew there would be no trial. Opp. Aff., Exh. H at 7. The Court listed the various rights associated with trial and obtained Frith's assurances that he knew he was waiving those rights. **Id**.

Frith also has not demonstrated prejudice. The basis of his suppression motion was that the police lacked probable cause to arrest him, and therefore, that the search of his car was illegal. Opp. Aff., Exh. E at 12, 14. Frith contended that, although he was playing loud music in

his car, which ultimately formed the basis for the arrest for disorderly conduct, the police officers' contentions that he refused to turn the music down when asked were false. **Id**. at 13. The determination of the validity of the arrest would have focused solely on credibility. Had the Court found the arrest valid, the search of the car would also have been valid pursuant to settled search and seizure law. *See* **United States v. Scopo**, 19 F.3d 777, 782 (2d Cir. 1994) ("[O]nce the police had probable cause to stop and arrest Scopo, they were entitled to search both him and his 'grab space' in the car, especially since one officer had observed him throw an object down in the car.") (*quoting* **New York v. Belton**, 453 U.S. 454, 460 (1981)). Accordingly, Frith has not shown that his counsel's conduct in relation to the suppression motion violated the **Strickland** standard.

2. **Plea Allocution**

Frith claims that his counsel was ineffective in negotiating the plea agreement, both because he did not understand all the rights that he was waiving, and because there was insufficient evidence against him for the acts admitted to in the course of making the plea. Mot. at 5b-5d. He notes that his co-defendant entered a plea to only one firearm offense. **Id**. at 5e. In his supplemental submission, Frith attacks his plea allocution in general, claiming various errors primarily in his lack of information about the elements of the offenses to which he was entering a plea. Supp. Mot. ¶¶ 1-4.

Frith's plea allocution reveals that his plea was knowing and voluntary. For example, the Court questioned Frith and established he was competent and understood the proceedings. Opp. Mem., Exh. H at 3-4. The Court also explained the counts listed in the indictment, which Frith had previously reviewed with counsel. **Id**. at 8. Frith claims that the Court misinformed him of

5

the maximum terms he could face, but the record reflects that the Court correctly explained the maximum and mandatory minimum terms. **Id**. at 8-10. At the time of the allocation, Frith said that he understood. **Id**.

Frith now claims there was no evidence he had committed the acts he admitted to when entering his plea. However, the evidence found upon Frith's arrest - over $1,000 in cash, two guns, large pieces of narcotic substances, and approximately 100 small bags containing narcotic substances - could establish conspiracy to distribute drugs, possession of drugs with intent to distribute, possession of a firearm as a felon, and possession of a firearm in relation to a drug offense. Frith admitted to the acts underlying those crimes at the plea allocation. Opp. Mem., Exh. H. at 16-18. Frith's co-defendent's plea to a firearms offense rather than a drug offense does not serve as proof that Frith did not commit the crimes for which he was convicted. His co-defendant entered a plea to using and carrying a firearm in relation to a drug offense and received a similar sentence to Frith. Opp. Mem. at 26. In sum, Frith has raised no facts which establish that his plea agreement was not voluntary, or that there is any reasonable probability that he would have gone to trial had his counsel conducted the negotiations differently or objected to the Court's delivery of the plea allocution.

### 3. Sentencing

Frith alleges his counsel was ineffective in allowing his sentencing to proceed where cocaine base, not crack cocaine, was the substance found at the scene. Mot. at 6b. Frith raised a similar claim in his subsequent submissions, in which he argued his sentence violated the recent ruling of the Supreme Court in **United States v. Booker**, 543 U.S. 220 (2005). This Court denied Frith's motion to supplement his motion with that claim, finding it meritless.

2005 R&R at 8.

In his plea agreement, Frith agreed that he would not "appeal, nor litigate under Title 28, United States Code, Section 2255 and/or 2241, any sentence at or below the Stipulated Guidelines Sentencing Range of 181 to 211 months' imprisonment." Opp. Mem., Exh. I at 6. Where a waiver of the right to appeal a sentence is voluntary and knowing, the waiver will not be invalidated. **United States v. Ready**, 82 F.3d 551, 556 (2d Cir. 1996). The record should "clearly demonstrate" those requirements, and in particular, show that a defendant fully understands the consequences. **Id**. at 557. Furthermore, "[w]here the record clearly demonstrates that the defendant's waiver of [his] right to appeal a sentence within an agreed Guidelines range was knowing and voluntary, that waiver is enforceable." **United States v. Monzon**, 359 F.3d 110, 116 (2d Cir. 2004). The record in this case demonstrates that the Court expressly advised Frith that he was giving up his right to appeal his sentence if it fell below the specified range, and after briefly consulting with his counsel, Frith told the Court he understood. Opp. Mem., Exh. H at 14. As explained above, other aspects of the plea allocation also demonstrate that Frith's plea was knowing and voluntary.

Frith argues that because his counsel was ineffective in negotiating the plea agreement, the agreement should be held void. Because Frith's counsel was not ineffective in negotiating the plea agreement, this claim has no merit. *See* **Monzon**, 359 at 118 ("we reject the notion that an appeal waiver becomes unenforceable simply because a defendant 'claims' ineffective assistance of counsel"). Therefore, I recommend that Frith's sentencing claim be **DENIED**.

## III. CONCLUSION

For the foregoing reasons, I recommend that the claims raised in Frith's motion be **DENIED**. Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl Street, Room 1340, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See* **Thomas v. Arn**, 474 U.S. 140, 150 (1985); **Small v. Sec'y of Health and Human Servs.**, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(e).

**DATED: March 22, 2006**
**New York, New York**

**Respectfully Submitted,**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

**Copies of this Report and Recommendation were sent to:**

Petitioner, *pro se*
Jerry Frith
53517-054
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

Counsel for Respondent
Steven D. Feldman
Assistant United States Attorney
Southern District of New York
U.S. Department of Justice
One Saint Andrew's Plaza
New York, NY 10007